**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 2010cv2551-CMA-MEH

EVELYN POLANDO,

    Plaintiff,

v.

ELEVATIONS CREDIT UNION and GERRY AGNES,

    Defendants.

_____

**MOTION TO PARTIALLY DISMISS COMPLAINT**
_____

    Defendants, Elevations Credit Union (hereinafter "Credit Union") and Gerry Agnes (hereinafter "Mr. Agnes") (hereinafter collectively referred to as "Defendants"), by their attorneys, Lawrence D. Stone and Christian D. Hammond of Dufford & Brown, P.C., and pursuant to Fed.R.Civ.P. 12(b)(6), hereby move to dismiss the Plaintiff's second and third claims for relief for failure to state claims upon which relief can be granted, and as grounds therefor, state as follows:

    **I.**    **Brief Summary of Basis for Plaintiff's Lawsuit**

    While the Defendants disagree with many of the allegations of Plaintiff's Complaint, for purposes of this Motion *only*, and pursuant to Fed.R.Civ.P. 12(b)(6), the allegations of the Complaint should be viewed in the light most favorable to Plaintiff. This lawsuit arises out of the alleged retaliatory discharge of Plaintiff's employment from the Credit Union as its Chief Operating Officer. Plaintiff asserts that the Credit Union and Mr. Agnes retaliated against her after she raised concerns about alleged age

{00398267.1}

discrimination of a co-worker in the hiring process of a new Chief Executive Officer at the Credit Union.

Plaintiff has asserted four (4) claims for relief in this lawsuit for alleged (1) willful retaliation in violation of the Age Discrimination in Employment Act (hereinafter "ADEA") against the Credit Union, (2) wrongful discharge in violation of public policy against the Credit Union, (3) intentional infliction of emotional distress based on outrageous conduct against the Credit Union and Mr. Agnes, and (4) intentional interference with contract and/or prospective business advantage against Mr. Agnes.  On or about October 19, 2010, the Defendants removed this lawsuit to this Court based on federal question as to Plaintiff's ADEA claim and supplemental jurisdiction as to Plaintiff's state law claims.

For the reasons set forth below, Plaintiff's second and third claims for relief should be dismissed for failure to state a claim upon which relief can be granted.

## II.   Argument

### A.   Standard of Review.

Under Fed.R.Civ.P. 12(b)(6), a complaint may be dismissed if the complaint, when viewed in the light most favorable to Plaintiff, "lacks 'enough facts to state a claim to relief that is plausible on its face.'"  U.S. ex rel. Conner v. Salina Reg'l Health Ctr., Inc., 543 F.3d 1211, 1217 (10th Cir. 2008), *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  Additionally, the purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

  B. <u>Plaintiff's Claim For Wrongful Discharge in Violation of Public Policy Should Be Dismissed Because The ADEA Provides Her With A Remedy</u>.

As stated above, Plaintiff asserts a claim for retaliation in violation of the ADEA as well as a claim for wrongful discharge in violation of public policy based on the same alleged retaliation that forms the basis for her ADEA claim.  <u>See</u> Complaint, First and Second Claims for Relief.  However, as explained below, the Plaintiff's wrongful discharge claim should be dismissed because it is identical to her ADEA claim.

In Colorado, an employee who is hired for an indefinite period of time is an at-will employee whose employment may be terminated by either party without cause and without notice.  <u>See</u> <u>Continental Air Lines, Inc. v. Keenan</u>, 731 P.2d 708, 711 (Colo. 1987).  While Colorado generally does not recognize a cause of action for wrongful discharge of an at-will employee, there is a narrow public policy exception to this rule.  <u>See</u> <u>Armani v. Maxim Healthcare Servs., Inc.</u>, 53 F.Supp.2d 1120, 1131 (D. Colo. 1999).

"The concept of a wrongful discharge [in violation of public policy] evolved as an exception to the at-will employment doctrine and is designed to provide a remedy for unlawful adverse employment actions where no cause of action for breach of contract would lie.  ***The Colorado courts have expressly disallowed its application where a statute provides a wrongful discharge remedy.***"  <u>Casper v. Lucent Tech., Inc.</u>, 280 F.Supp.2d 1246, 1249 (D. Colo. 2003) (emphasis added).  Therefore, in <u>Casper</u>, because Title VII provided the plaintiff with remedies for her alleged wrongful discharge, the court concluded that dismissal of her wrongful discharge claim was warranted for failure to state a claim.  <u>Id.</u>  Additionally, the court stated that plaintiff's failure to state a

claim "may not be cured by simply restating her Title VII claim as a state law tort claim. ***To permit a plaintiff to escape Title VII limitations by such sleight of hand would constitute judicial amendment of legislative policy***." Id. (emphasis added).  See also, Corbin v. Sinclair Mktg., Inc., 684 P.2d 265, 267 (Colo. App. 1984) (holding that there was no claim for wrongful discharge in violation of public policy where the statute at issue, OSHA, provided the employee with a wrongful discharge remedy); Miles v. Martin Marietta Corp., 861 F.Supp. 73, 74 (D. Colo. 1994) (same); Gamble v. Levitz Furniture Co. of the Midwest, Inc., 759 P.2d 761, 766 (Colo. App. 1988) (same conclusion under Colorado's Anti-Discrimination Act); Armani v. Maxim Healthcare Servs., Inc., 53 F.Supp.2d 1120, 1132 (D. Colo. 1999) (no wrongful discharge claim based on alleged retaliation for making FLSA-based complaints because FLSA provides a remedy for retaliation); Krauss v. Catholic Health Initiatives Mountain Region, 66 P.3d 195, 203 (Colo. App. 2003) (no wrongful discharge claim because the FMLA provides its own remedy for retaliatory discharge).

Here, Plaintiff's second claim for relief for wrongful discharge in violation of public policy is based on the same facts as her first claim for relief for retaliation in violation of the ADEA.  Compare Complaint at ¶¶ 49-57 with ¶¶ 59-70.  The ADEA provides a remedy for Plaintiff's alleged retaliatory discharge.  See 29 U.S.C. § 623(d) ("It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment . . . , because such individual, member or applicant for membership has opposed any practice made unlawful by this section. . . .").  Therefore, Plaintiff's second

claim for relief is barred by the statutory remedy provided by the ADEA and should be dismissed for failure to state a claim.

      C.    <u>Plaintiff's Allegations of Outrageous Conduct Fail To Meet The Threshold Level of Outrageous Conduct to Support A Claim for Intentional Infliction of Emotional Distress Based on Outrageous Conduct</u>.

In order to prevail on a claim for intentional infliction of emotional distress based on outrageous conduct, the Plaintiff must establish, by a preponderance of the evidence, that: (1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) resulting in severe emotional distress. <u>Culpepper v. Pearl St. Bldg., Inc.</u>, 877 P.2d 877, 882 (Colo. 1994). It is the initial responsibility of this Court to determine whether reasonable persons could differ on the question of whether the conduct is outrageous. <u>McCarty v. Kaiser-Hill Co., L.L.C.</u>, 15 P.3d 1122, 1126 (Colo. App. 2000).

Colorado follows the <u>Restatement (Second) of Torts</u> § 46, which recognizes that "'[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" <u>Rugg v. McCarty</u>, 476 P.2d 753, 756 (Colo. 1970), *quoting* <u>Restatement (Second) of Torts</u> § 46, cmt. d. While the tort of outrageous conduct exists in the employment context, termination from employment, without more, does not constitute outrageous conduct. <u>Mares v. Conagra Poultry Co., Inc.</u>, 773 F.Supp. 248, 253 (D. Colo. 1991).

Indeed, "in order to be liable for the intentional infliction of emotional distress, the defendant's conduct must be more than unreasonable, unkind or unfair; it must truly offend community notions of acceptable conduct." <u>Grandchamp v. United Air Lines, Inc.</u>, 854 F.2d 381, 383 (10th Cir. 1988).

Plaintiff's claim for intentional infliction of emotional distress based on outrageous conduct is based on Plaintiff's allegations that Defendant Agnes conducted no "real" investigation before falsely accusing Plaintiff of ethical violations and professional misconduct; that he berated and yelled at Plaintiff in a manner that was threatening, demeaning, humiliating, and wholly unjustified; and that the Credit Union allegedly violated its "Core Values" listed on its website and violated its non-discrimination and retaliation policies and corporate "Culture." <u>See</u> Complaint at ¶¶ 73-76. However, even accepting these allegations as true for purposes of this Motion only, this conduct does not meet the threshold level of outrageous conduct.

There are numerous cases that demonstrate an employer's conduct must be extremely outrageous to support a claim such as Plaintiff's. For example, in <u>Coors Brewing Co. v. Floyd</u>, 978 P.2d 663 (Colo. 1999), the Colorado Supreme Court held that plaintiff's allegations that Coors engaged in an extensive criminal conspiracy involving illegal drugs and money laundering and that Coors fired him to scapegoat him for these crimes were insufficient to state a claim for intentional infliction of emotional distress by outrageous conduct. <u>Id</u>. at 666; <u>see also, e.g.</u>, <u>Jandro v. Foster</u>, 53 F.Supp.2d 1088, 1098 (D. Colo. 1999) (court dismissed former employee's outrageous conduct claim which asserted his termination was a malicious pattern of harassment, intimidation and

undue influence on plaintiff designed to inflict emotional distress and to damage plaintiff professionally); Shackelford v. Courtesy Ford, Inc., 96 F.Supp.2d 1140, 1146 (D. Colo. 2000) (no claim for intentional infliction of emotional distress based on allegations that plaintiff's co-worker called her a liar, accused her of stealing accounts that were not hers, cursed at her, and called her a "black bitch").

Additionally, the manner of the discharge is critical to a finding of outrageous conduct. Mares, 773 F.Supp. at 253 (citing Grandchamp v. United Air Lines, Inc., 854 F.2d 381, 385 (10th Cir. 1988). For example, in Archer v. Farmer Bros. Co., 70 P.3d 495 (Colo. App. 2002), the court held that "a reasonable person could find that defendants' conduct-barging into a relative's home and, without any prior notice or other consideration, abruptly firing a twenty-two-year employee while he lay in bed, partially undressed, recuperating from what five days earlier had appeared to be a heart attack, and was, in any event, a serious heart condition-so far exceeded the bounds of decency as to be atrocious and utterly intolerable in a civilized community." Id. at 500.

Here, Plaintiff's allegations do not rise to the very high level of conduct that will support a claim for outrageous conduct. Indeed, based on the allegations of the Complaint, no reasonable person could differ on the question of whether the conduct rises to the level of outrageousness needed to support Plaintiff's claim.

Moreover, regarding the manner of Plaintiff's termination, the Complaint merely alleges that Plaintiff was summarily terminated and there is no allegation or evidence like that in the Archer case that demonstrates the termination was conducted in an outrageous manner.

Regarding Plaintiff's claim that the Credit Union acted outrageously by allegedly violating its "Core Values" listed on its website and violating its non-discrimination and retaliation policies and corporate "Culture," the Colorado Supreme Court has specifically rejected a similar argument.  In Churchey v. Adolph Coors Co., 759 P.2d 1336 (Colo. 1988), the court held that the plaintiff's "assertion that Coors' failure to follow its own personnel policies amounted to outrageous conduct confuses breach of contract with outrageous conduct.  While the average member of the community may not approve of someone who breaches a contract, such conduct is not so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and [to cause] an average member of the community to exclaim Outrageous!" Id. at 1350 (internal quotations omitted).  Likewise, here, Plaintiff's reliance on the Credit Union's alleged violations of its policies confuses outrageous conduct with a breach of contract claim.

Consequently, because the allegations supporting Plaintiff's claim for intentional infliction of emotional distress based on outrageous conduct do not rise to the high level of outrageous conduct necessary to support such a claim, the claim should be dismissed.

### III.     Conclusion

For the reasons set forth above, the Defendants respectfully request that the Court dismiss Plaintiff's Second and Third Claims for Relief for failure to state a claim upon which relief can be granted.

Respectfully submitted this 8th day of November, 2010.

/s/ Christian D. Hammond
Lawrence D. Stone, #8803
Christian D. Hammond, #34271
DUFFORD & BROWN, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Telephone:  (303) 861-8013
Facsimile:  (303) 832-3804
E-mail: lstone@duffordbrown.com
         chammond@duffordbrown.com

ATTORNEYS FOR ELEVATIONS CREDIT UNION and GERRY AGNES

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2010, the foregoing **MOTION TO PARTIALLY DISMISS COMPLAINT** was electronically filed with the Clerk of the Court via the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mari Newman
Darold W. Killmer
Lisa R. Sahli
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO  80202
mnewman@kln-law.com
dkillmer@kln-law.com
lsahli@kln-law.com

                */s/ Carol J. Kelly*
                Carol J. Kelly, Legal Assistant