IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 2010cv2551-CMA-MEH

EVELYN POLANDO,

      Plaintiff,

v.

ELEVATIONS CREDIT UNION and GERRY AGNES,

      Defendants.

---

## ANSWER AND JURY DEMAND

---

      The Defendants, Elevations Credit Union ("Elevations") and Gerry Agnes ("Agnes") (collectively "Defendants"), by their attorneys, Dufford & Brown, P.C., hereby respond to the enumerated allegations in Plaintiff's Complaint ("Complaint"), and state as follows:

1.      Defendants generally deny these allegations.

2-4.      Deny as Defendants have filed a Notice of Removal.

5.      Deny as stated.

6.      Deny due to lack of knowledge or information or as stated.

7.      Admit.

8.      Admit.

9.      Admit the first sentence, admit Defendant Gerry Agnes ("Agnes") commenced his duties as CEO on August 20, 2009, but deny the third sentence as stated.

A.      Deny as stated.

10.     Deny as stated the characterizations that "Ms. Polando's excellence was rewarded" and "until her sudden and unexpected termination"; admit the remaining allegations.

11.     Admit Plaintiff was employed with Elevations for nine years, that she was qualified for the positions she held, and that on occasion she performed beyond expectations.  Defendants are unable to respond to the allegations that Plaintiff was well respected in the company and in the industry as Plaintiff does not identify the names of the persons to whom this refers.  Defendants deny the remaining allegations.

12.     Admit that Elevations' CEO unexpectedly passed away in March, 2008 and the Board of Directors appointed Plaintiff to act as its interim CEO; deny the remaining allegations as stated or due to the lack of knowledge or information.

13.     Admit Plaintiff performed her duties as interim CEO and was awarded a bonus of $15,000; deny the remaining allegations as stated.

B.      Deny.

14.     Admit Elevations' search recruitment for the open CEO position was overseen by its Search Committee and that certain responsibilities were delegated to Charles Shanley of JMFA Executive Search Group; deny the remaining allegations as stated.

15.     Admit.

16.     Deny due to lack of knowledge or information.

17.     Admit internal candidates Rich Jones and Craig Burkhard were interviewed; deny the remaining allegations due to lack of knowledge or information.

18.     Deny to the extent this paragraph is based on an email from Rich Jones to Plaintiff on June 26, 2008 at 3:34 p.m.  Deny due to lack of knowledge if it is based on some other document.

19.     Deny due to lack of knowledge or information.

C.      Admit Plaintiff reported concerns regarding the selection process to Elevations; deny the remaining allegations or deny as stated.

20.     Admit Plaintiff informed Annette Matthies of Rich Jones' report that he had been asked possible age related questions during an interview; deny the remaining allegations as stated.

21.     Deny due to lack of knowledge or information.

22.    Deny.

23.    Defendants generally deny these allegations.

D.    Deny due to lack of knowledge or information.

24.    Admit the first sentence; admit Agnes commenced his duties as CEO of Elevations on August 20, 2009.

25.    Deny the first sentence; admit the second sentence.

26.    Admit Polando congratulated Agnes regarding his selection; deny the remaining allegations due to lack of knowledge or information.

27.    Deny as stated.

28.    Admit.

29.    Admit that on September 10, 2008, Defendant Agnes thanked Ms. Polando for the warm welcome and for her support, and that he commended her for her ability to "get the job done", her ability to earn the trust of others, her reliability and dependability, her high energy and productivity, her ability to create a team environment, her understanding of the needs of her staff and the good relationships, her delegation skills, and her global vision of the credit union and the industry; deny the remaining allegations as stated.

30.    Admit the first sentence; deny the second sentence as stated.

31.    Admit Plaintiff told Defendant Agnes she was concerned that questions asked during interviews with the credit union's recruiter had caused some internal candidates to lose confidence in the selection process; deny the remaining allegations or deny as stated.

32.    Admit Plaintiff reported that Rich Jones had been asked an age related question during his interview; deny the remaining allegations as stated.

33.    Deny the Board had not addressed Plaintiff's earlier complaints about the selection process; deny the remaining allegations due to lack of knowledge or information or as stated.

E.    Deny.

34.    Admit Plaintiff and Agnes had a one-on-one meeting on October 2, 2008; deny the remaining allegations.

35.    Defendants generally deny this paragraph.

{00397050.1}                                    3

36-37. Deny as stated or deny due to lack of knowledge or information.

F.    Deny Agnes retaliated against Plaintiff; deny the remaining allegations due to lack of knowledge or information or as stated.

38.    Admit Plaintiff requested a meeting with Agnes and Vice President of Human Resources, Annette Mathies, that was held on October 6, 2008; deny the remaining allegations due to lack of knowledge or information.

39-40. Defendants generally deny these paragraphs.

41.    Deny as stated; the October 14, 2008 memo is undated and was provided to Agnes on October 15, 2008 and speaks for itself.

G.    Deny.

42.    Admit Plaintiff's employment was terminated on October 21, 2008; Defendants generally deny the remaining allegations.

43.    Deny.

44.    Admit Jones had commented about possible age related questions in an interview; deny the remaining allegations.

45.    Defendants generally deny the allegations in this paragraph.

46.    Deny.

47.    Deny due to lack of knowledge or information.

48.    Defendants incorporate their responses to the referenced allegations.

49.    Admit Plaintiff is a member of the class of persons protected by the ADEA; the remaining allegations call for a legal conclusion for which a response is not necessary.

50.    Admit Plaintiff had reported Jones' comments about possible age related questions in an interview; deny the remaining allegations as stated.

51.    Deny as stated.

52.    Deny due to lack of knowledge or information.

53.    Deny.

54.   This paragraph contains a conclusion of law for which a response is not necessary.

55.   Deny.

56.   Deny Elevations engaged in any wrongful conduct; deny the remaining allegations due to lack of knowledge or information.

57.   Deny.

58.   Defendants incorporate their responses to the referenced allegations.

59-62. Deny.

63-64. These paragraphs contain conclusions of law for which a response is not necessary.

65-66. Deny.

67.   This paragraph contains a legal conclusion for which a response is not necessary.

68.   Plaintiff was terminated for legitimate, non-discriminatory reasons; it would be speculative to opine about what would have happened if other events had occurred; accordingly, Defendants are unable to respond to the remaining allegations.

69-70. Deny.

71.   Defendants incorporate their responses to the referenced allegations.

72.   Deny.

73.   Deny as stated.

74.   Deny.

75.   Deny that Defendants engaged in the conduct alleged; deny as stated Plaintiff's characterization of Elevations' "core values" as the document speaks for itself.

76-77. Deny.

78.   Deny due to lack of knowledge or information whether Plaintiff experienced severe emotional distress; deny the remaining allegations.

79.   Deny that Defendants treated Plaintiff outrageously; deny the remaining allegations as Defendants are uncertain what specific conduct Plaintiff is referring to.

80-81. Deny.

82.     Defendants incorporate their responses to the referenced allegations.

83.     Deny due to lack of knowledge or information as Defendants are uncertain what contractual obligations and business relationship Plaintiff is referring to.

84-85. Defendants are unable to respond to these allegations as they are uncertain what Plaintiff is referring to.

86-89. Deny.

## ADDITIONAL DEFENSES

90.     Defendants deny Plaintiff is entitled to the relief requested in the "WHEREFORE" clause.

91.     Defendants deny any allegations in Plaintiff's Complaint which are not expressly admitted.

92.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

93.     Plaintiff may have failed to mitigate her damages as required by law.

94.     The after-acquired evidence doctrine may bar Plaintiff's claims or limit the remedies available.

95.     Plaintiff's claims are barred or limited by the doctrines of waiver, estoppel and/or unclean hands.

96.     Plaintiff was terminated for legitimate, non-discriminatory reasons.

97.     There may not be an adequate causal connection between the Plaintiffs' discharge and her involvement in the alleged protected activity.

98.     Defendant Agnes' lack of knowledge of the details of Plaintiff's participation in the alleged protected activity prevented him from retaliating against Plaintiff.

99.     The alleged discriminatory practices upon which Plaintiff's claims are based are job related and consistent with business necessity.

100.    Plaintiff's recoverable damages, if any, are limited by statute.

101.   Plaintiff's common law claims are preempted by her ADEA claim.

102.   Colorado's Worker's Compensation Act is the exclusive remedy for the alleged injuries suffered by the Plaintiff in the course and scope of her employment.

103.   Plaintiff was an at-will employee.

104.   Plaintiff's state law claims may be barred or diminished pursuant to Colorado's Comparative Fault Statute, C.R.S. § 13-21-111.

105.   Plaintiff's state law claims may be barred based on the doctrine of assumption of risk.

106.   Plaintiff's public policy claim does not involve the type of activity protected by Colorado law.

107.   Gerry Agnes may not be a third party for purposes of Plaintiff's interference with contract claim.

108.   With regard to Defendants' outrageous conduct claim, Defendants were exercising their legal rights in a permissible manner.

109.   With regard to Plaintiff's claim for intentional interference with contract and/or prospective business advantage, Agnes was privileged to terminate Plaintiff's employment.

110.   Plaintiff's state law claims against Agnes may be barred by the co-employee immunity doctrine.

**DEFENDANTS HEREBY DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 8th day of November, 2010.

DUFFORD & BROWN, P.C.

s/ Lawrence D. Stone
Lawrence D. Stone

ATTORNEYS FOR DEFENDANTS
ELEVATIONS CREDIT UNION and
GERRY AGNES

<u>Address of Defendants</u>:

2300 55th Street
Boulder, CO  80301

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2010, the foregoing **ANSWER AND JURY DEMAND** was electronically filed with the Clerk of the Court via the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mari Newman
Darold W. Killmer
Lisa R. Sahli
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO  80202
mnewman@kln-law.com
dkillmer@kln-law.com
lsahli@kln-law.com

                                        *s/ Carol A. Larsen Cook*
                                        Carol A. Larsen Cook

{00397050.1}                              8